UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RUDY COSBY,<br><br>　　　　　　　　　　Defendant. | Case No.:  18cr4474-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Doc. No. 64)** |

### INTRODUCTION

Pending before the Court is Defendant Rudy Cosby's ("Defendant") motion to reduce his sentence of imprisonment in light of the increasing risks to health that the coronavirus disease ("COVID-19") poses to incarcerated persons. *See* Doc. No. 64. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* Having carefully considered the pleadings, and for the reasons set forth below, Defendant's motion is **DENIED.**

### BACKGROUND

On April 2, 2019, a three-count superseding information charged the Defendant in Counts 1 and 3 with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count 2 with distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. *See* Doc. No. 36.

Defendant pled guilty to Count 3, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Doc. No. 38. On July 3, 2019, the Court sentenced Defendant to the custody of Bureaus of Prisons ("BOP") for 100 months, followed by 5 years of supervised release. *See* Doc. No. 58.

On May 27, 2020, Defendant filed the present 18 U.S.C. § 3582 motion, and seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 64. Defendant alleges his poor physical health and inability to take care of himself in prison places him at risk as the BOP fails to take precautionary measures in ensuring the safety of the inmates during the COVID-19 pandemic. *Id.* On June 3, 2020, the Plaintiff United States of America ("Government") filed an opposition to Defendant's motion. *See* Doc. No. 66. The Government argues the Court lacks jurisdiction because Defendant fails to exhaust administrative remedies and that he is not entitled to relief even if the Court is to reach the merits of his motion. *Id.* On June 10, 2020, the Court granted Defendant's motion for leave to file a reply brief. *See* Doc. No. 70. On June 15, 2020, Defendant filed a reply brief. Doc. No. 71.

## **LEGAL STANDARD**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1. "Exhaustion occurs when the [Bureau of Prisons] denies a defendant's application[.]" *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal citations omitted)  A defendant who has not "requested compassionate release from the [Bureau of Prisons] [or] exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment. *United States v. Solis,* 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019).

## DISCUSSION

In analyzing whether Defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court will determine whether the following three requirements are satisfied. First, Defendant must exhaust his administrative remedies. Second, Defendant must establish that the 18 U.S.C. § 3553 (a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent,* 2020 WL 11812242, at *2 (N.D. Cal. 2020). Third, Defendant must demonstrate that "extraordinary and compelling reasons"– as defined by the applicable Sentencing Commission policy statement—"warrant… a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

**A. Exhaustion of Administrative Remedies**

In the instant motion, Defendant concedes that he has failed to exhaust his administrative remedies as required under 18 U.S.C. § 3852(c)(1)(A). Doc. No. 64 at 6. On May 20, 2020, Defendant submitted a request to the warden asking the BOP to file a motion for reduction in sentence. Doc. No. 64-2, Exhibit A. However, Defendant filed the instant motion prior to the lapse of 30 days since the BOP request was transmitted. Defendant contends that the Court should overlook the requirement as delay in satisfying the administrative requirement places Defendant at risk of contracting the virus. Doc. No. 64 at 3. The Government argues the Court should deny the motion without prejudice for Defendant's failure to exhaust administrative remedies. Doc. No. 66 at 1. Although the exhaustion requirement may be circumvented in rare circumstances, Defendant fails to demonstrate the futility of pursuing administrative remedies to excuse his failure to exhaust

administrative remedies. Defendant's failure to meet the threshold exhaustion requirement provides grounds for the Court to deny the motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart,* 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (denying Defendant's compassionate release motion for failure to exhaust administrative remedies). Nevertheless, the Court finds the exhaustion requirement is now satisfied as 30 days has lapsed since the BOP request was transmitted. The Court will now turn to the merits.

### B. Section 3553(a) Factors

The compassionate release statute requires courts to consider § 3553(a) factors in determining whether to reduce a defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

Here, Defendant's criminal history reflects he first came to the attention of law enforcement in 1981 at the age of 18. *See* Doc. No. 45 at 9. Since 1981, Defendant has been convicted of five misdemeanor and 12 felonies—two of which were firearm related convictions—and has been sentenced to over 28 years in prison. *Id.* at 9-12. Defendant was also arrested an additional twenty times over the 33-year period, resulting in his return to prison due to approximately nine parole violations and two probation violations. *Id.* In the instant case, Defendant pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Doc. No. 45 at 1. Between January and June 2018, Defendant facilitated five sales that amounted to approximately two and half pounds of methamphetamine. *Id.* at 4-5. In addition, Defendant relayed to a confidential

informant ("CI") that he was in possession of a firearm and ammo. Doc. No. 45 at 5 ¶ 17. Defendant's current conviction coupled with his prior felony convictions for 11379 H&S, Sell/Furnish Controlled Substances; and 245(a)(4) PC resulted in his designation as a career offender.[1] Defendant's guideline range was between 188-235 months in custody. However, the Court considered the section 3553(a) factors and the nature of his prior convictions, adopted Defendant's recommended sentence (Doc. No. 50), and imposed a below guideline sentence of 100 months. Doc. No. 58.

Defendant argues that in light of COVID-19, a time served sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing. *See* Doc. No. 71 at 6. The Court looks to the section 3553(a) factors in considering his request. First, the Court adopts Defendant's' personal history as articulated in sentencing. Regarding the seriousness of the offense, the Court finds the nature and circumstances of the offense do not support Defendant's argument. Defendant not only facilitated drug transactions in his apartment, but also made an independent sale to a CI, which was separate from the sale transactions involving his co-defendant. Defendant's active facilitation of methamphetamine sales on various occasions warrants the 100-month sentence that the Court imposed. Moreover, a 19-month sentence for selling approximately two and half pounds of methamphetamine does not promote respect for the law and fails to accomplish the sentencing goal of deterrence. Such a departure from the sentencing guidelines will not deter other career offenders or recidivists from committing similar offenses.

In his plea agreement, Defendant admitted to committing a probation violation in January 2018. *See* Doc. No. 38 at 4. The violation was committed less than 21 months after his release from serving his last custodial sentence. In addition, Defendant's history of parole and probation violations are indicative of his inability to conform his conduct to that expected of law-abiding citizens and to adhere to terms of post-conviction release set by

---

[1] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. United States Sentencing Commission Guidelines Manuel §4B1.1(a).

the Court. The Court also considers avoiding unwarranted sentencing disparities. The co-defendant in this case also received a 100-month sentence. *See* Doc. No. 59. Sentencing Defendant, a career offender, to 19 months in custody in light of the nature of the offense and his criminal history will create a disparity between Defendant and other defendants with similar criminal records who are convicted of similar conduct. Finally, it is important to note that Defendant's 100 month sentence is already well below the guideline range of 188-235 months. Despite only serving approximately 19 months of his sentence, Defendant seeks to reduce his sentence to time served. A 19-month sentence would be 169 months below the guideline range, 81 months below the imposed sentence, and Defendant would only serve approximately 20% of the imposed sentence. A reduction in Defendant's sentence to time served is inconsistent with the policy considerations and the factors set forth in §3553(a).

### C. **Danger to the Community**

In ultimately deciding whether Defendant should be released under § 3582, the Court must take into consideration whether Defendant poses a danger to the community. *See* U.S.S.G. § 1B1.13(2). The Government argues Defendant's motion should be denied because he continues to pose a danger to the community, citing to the gravity of the crime committed, Defendant's lengthy criminal history, the likelihood he will reoffend, and his continued access to firearms. Doc. No. 66 at 17. Defendant contends his prior convictions are non-violent in nature and any concerns related to his access to firearms can be mitigated by a lengthy period of supervised release. Doc. No. 71 at 5-6.

Although Defendant's current conviction is nonviolent, the Court notes that Defendant poses a danger to the community based on his extensive criminal history, as well as his continued access to firearms. During the investigation of the instant offense, Defendant relayed to a CI that he was in possession of a handgun with three bullets. Doc. No. 45 at 5 ¶ 17. In addition, possession of a firearm was one of the several charges Defendant was convicted of in his most recent prior conviction in 2014. *Id.* at 12. As stated, Defendant's history of parole and probation violations do not support his contention that a

lengthy period of supervised release will mitigate the Court's concerns of recidivism or his ability to abide by the terms of supervised release set by the Court. *See* Doc. No. 45 at 10-12. Although the Court commends Defendant for his good conduct while in prison, the Court finds that Defendant still poses a danger to the community.

### D. Extraordinary and Compelling Reasons

Notwithstanding the § 3553(a) factors, Defendant contends his medical condition presents "extraordinary and compelling" grounds to warrant compassionate release. Doc. No. 64 at 9. A court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c)(1)(A). A defendant fulfills one of the numerous "extraordinary and compelling reasons" by "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.12 cmt. 1(A)(ii). The Sentencing Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* at 1B1.13(2).

Although the Court is mindful that individuals with certain medical conditions can be more vulnerable to COVID-19, Defendant fails to persuade the Court that his medical conditions qualify as "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582 (c)(1)(A) and U.S.S.G. § 1B1.13. Defendant is 57 years old and suffers from hepatitis B, hepatitis C, asthma, and epileptic seizures. *See* Doc. No. 64 at 9. However, as Defendant points out, the CDC reports that there is no information as to whether hepatitis B or C creates an increased risk to COVID-19. *See* Doc. No. 64 at 11. In addition, the CDC has not listed epileptic seizures as a condition that places individuals at a higher risk of severe illness.[2] Defendant also contends his difficulty to provide self-care within his correctional facility ("USP Lompoc") makes him more vulnerable to contracting COVID-

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html

19. *Id.* at 10-11. Defendant argues generally that the BOP has been unable to control the spread of COVID-19 at the Lompoc facility. Doc. No. 71 at 2. However, the Court has verified that the BOP currently reports seven confirmed active cases of COVID-19 among inmates and zero positive cases among BOP staff at USP Lompoc. *See* https://www.bop.gov/coronavirus/. In addition, Defendant's healthy is appropriately managed at the Lompoc facility as he does not dispute the Government's representation that his medical conditions are appropriately managed at the facility. Doc. No. 66 at 16.

Under Defendant's present health conditions, he is neither terminally ill nor subject to a serious medical condition "that substantially diminishes the ability…to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13.[3] While Defendant suffers from various medical conditions, he has not demonstrated how the conditions amount to "extraordinary and compelling" reasons for release under § 3582 (c)(1)(A)(i). *See United States v. Luck,* 2020 WL 3050762, at *2 (N.D. Cal. June 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citations omitted); *see also United States v. Eberhard,* 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."). Even if Defendant demonstrated extraordinary and compelling reasons for release, such grounds would not outweigh the USSG Section 1B1.13(2) and Section 3553(a) factors considered herein.

///

///

///

///

///

---

[3] Defendant also does not satisfy the statue's age-related conditions that would place an individual in the high-risk age category for COVID-19. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

## CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

DATED: July 7, 2020

_____
Hon. John A. Houston
United States District Judge